# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| CALUMET PHOTOGRAPHIC, INC., *et al.* | Case No. 14-08893 |
| | (Jointly Administered) |
| Debtors. | |
| | Hon. Deborah L. Thorne |
| CATHERINE STEEGE, as Trustee for Calumet Photographic, Inc., | |
| Plaintiff, | |
| v. | Adv. No. _____ |
| AMERITAS LIFE, | |
| Defendant. | |

## COMPLAINT

Catherine Steege (the "Trustee"), not individually, but as chapter 7 trustee for the estate of the above-captioned debtors, hereby complains (the "Complaint") as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding by the Trustee against Ameritas Life (the "Defendant"), on behalf of Calumet Photographic, Inc. (the "Debtor"), to avoid $19,855.16 in preferential prepetition transfers made by the Debtor to Defendant.

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because this adversary proceeding arises under title 11 and arises in and is related to a case under title 11, *In re Calumet Photographic Inc., et al.*, pending in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, as Case No. 14-08893.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). The Trustee consents to the entry by this Court of final orders and judgments in this adversary proceeding.

5. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

## THE PARTIES AND RELATED EVENTS

6. Plaintiff Catherine Steege is the chapter 7 case trustee (the "Trustee") for the Debtor, duly qualified and appointed under 11 U.S.C. § 701(a)(1) of the United States Code (the "Bankruptcy Code") by the Office of the United States Trustee.

7. Prior to the Petition Date, the Debtor and its affiliated debtors were a multi-channel specialty retailer of high-end photography and video equipment. The business served professional and amateur photographers through, among other things, (a) fourteen brick-and-mortar retail stores throughout the United States, (b) an e-commerce website, and (c) customer-direct sales. Debtor Calumet Photographic, Inc., was the only operating entity among the Debtor and its affiliated debtors, and it employed over 200 personnel based in the United States.

8. Defendant Ameritas Life is a Nebraska corporation with its principal place of business located in Nebraska.

## FACTUAL HISTORY

9. On March 12, 2014 (the "Petition Date"), the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code.

10. Prior to the Petition Date, Defendant provided insurance services for the Debtor.

11. On June 24, 2014, Defendant filed a proof of claim in this case for $37,425.73 allegedly owed for outstanding premium payments. (*See* Claim No. 305-1.)

2

### COUNT ONE

**Avoidance and Recovery of Preferential Transfers
Pursuant to §§ 547(b) and 550 of the Bankruptcy Code**

12.     The Trustee repeats, reallages, and incorporates, as though fully set forth herein, paragraphs 1 through 11.

13.     Within ninety (90) days prior to the Petition Date, the Debtor transferred property in which it had an interest to or for the benefit of Defendant in the amount of $19,855.16 (the "Preferential Transfers").  A schedule of the Preferential Transfers made by the Debtor to Defendant is attached as Exhibit A.

14.     The Preferential Transfers were made from and through the Debtor's bank accounts as payment for certain insurance obligations.  At the time the Preferential Transfers were made, Defendant was a creditor of the Debtor on account of these unpaid obligations.  Consequently, the Preferential Transfers were made to or for the benefit of a creditor of the Debtor and were made on account of an antecedent debt owed by the Debtor to Defendant.

15.     The Preferential Transfers were made while the Debtor was insolvent as the Debtor's liabilities exceeded its assets at all time during the 90-day period preceding the Petition Date.  In addition, § 547(f) of the Bankruptcy Code mandates a presumption of the Debtor's insolvency during the time the Preferential Transfers were made.

16.     Based on the Trustee's investigation of the Debtor's affairs, unsecured creditors will not receive a 100% distribution on their claim.  Therefore, the Debtor's payment to Defendant on the claims giving rise to the Preferential Transfers enabled Defendant to receive more than it would have received under chapter 7 of the Bankruptcy Code than if the Debtor had not made the Preferential Transfers had not been made and Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

17. Defendant also may have received additional preferential transfers which may be uncovered during the discovery process.

18. The Preferential Transfers may be avoided under § 547(b) of the Bankruptcy Code.

19. Pursuant to § 550(a) of the Bankruptcy Code, the amount of the Preferential Transfers may be recovered from Defendant.

WHEREFORE, the Trustee respectfully requests, pursuant to 11 U.S.C. §§ 547(b) and 550, that the Court:

A. Enter judgment in favor of the Trustee to avoid and recover the Preferential Transfers to Defendant;

B. Enter judgment in favor of the Trustee and against Defendant in the amount of the Preferential Transfers, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and

C. Grant the Trustee such other and further relief as the Court may deem equitable and just.

### COUNT TWO

**Disallowance of Claims**

20. The Trustee repeats, reallages, and incorporates, as though fully set forth herein, paragraphs 1 through 19.

21. Pursuant to § 502(d) of the Bankruptcy Code, the Court shall disallow any claim of any entity from which property is recoverable under §§ 542, 543, 550 or 553 of the Bankruptcy Code or that is a transferee of a transfer avoidable under §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under §§ 522(i), 542, 543, 550, or 553 of the Bankruptcy Code.

22.      Because Defendant has not turned over to the Trustee the Preferential Transfers, the Court must under § 502(d) of the Bankruptcy Code disallow the Proof of Claim, and any other claims Defendant may assert against the Debtor until Defendant pays to the Trustee the value of the Preferential Transfers.

WHEREFORE, the Trustee respectfully requests, pursuant to 11 U.S.C. § 502(d), that the Court:

A.      Disallow any claims of the Defendant against the Debtor pursuant to § 502(d) of the Bankruptcy Code; and

B.      Grant the Trustee such further and other relief as the Court may deem equitable and just.

Respectfully submitted,

Dated:   March 11, 2016

CATHERINE STEEGE, not individually but as the chapter 7 Trustee for the bankruptcy estate of each of the above-captioned debtors.

BY:       /s/ *Catherine Steege*
           Catherine Steege

Catherine Steege (01683529)
Melissa M. Root (6288246)
Nicholas E Ballen (6320258)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
(312) 222-9350
(312) 527-0484

5

**EXHIBIT A**

| **Calumet Photographic Inc.** <br> **Schedule of Transfers Made to Defendant During the Ninety-Days Before the Petition Date** | | | |
|---|---|---|---|
| *Date* | *Amount* | *Description* | *Transferee* |
| 12/30/2013 | $19,855.16 | Insurance Services | Ameritas Life Insurance Corp. |